IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW MEXICO

UNITED STATES OF AMERICA,

       Plaintiff,

vs.                                                                      No. 21-CR-00265-DHU

RICHARD KESSLER,

       Defendant.

## DEFENDANT'S SENTENCING MEMORANDUM

The Defendant Richard Kessler, by and through his counsel of record, Assistant Federal Public Defender Buck Glanz, respectfully files the following Sentencing Memorandum and requests that the Court consider imposition of a sentence of five years of probation. Such sentence would be "sufficient, but not greater than necessary" to achieve the statutory purposes for sentencing.

## PROCEDURAL BACKGROUND

On April 18, 2022, Mr. Kessler entered a guilty plea pursuant to a Rule 11(c)(1)(B) to one count of wire fraud, one count of mail fraud, and four counts of failure to file tax returns in violation of 18 U.S.C. §§ 1343, 1341, and 26 U.S.C. § 7203. (Doc. 42). The Presentence Investigation Report (PSR) (Doc. 46) calculated a guideline imprisonment range of 41 to 51 months. (PSR ¶ 94). On September 12, 2022, Mr. Kessler filed two objections to the PSR. (Doc. 49). On October 12, 2022, the probation office filed an addendum to the PSR conceding that the first objection was correct and calculating an amended guideline range of 37-46 months. (Doc.

1

52). Mr. Kessler asks this court, in consideration of the 18 U.S.C. § 3553(a) factors, to impose a sentence of five years of probation.

**ARGUMENT**

A court shall impose a sentence sufficient, but not greater than necessary to comply with the purposes set forth in 18 U.S.C. § 3553. "It has been uniform and constant in the federal judicial tradition for the sentencing judge to consider every convicted person as an individual and every case as a unique study in the human failings that sometimes mitigate, sometimes magnify, the crime and the punishment to ensue." *Koons v. United States,* 518 U.S. 81, 113 (1996). The established tradition of sentencing in federal courts is that "the punishment should fit the offender and not merely the crime." *Pepper v. United States,* 562 U.S. 476, 487-88 (2011) (internal citations omitted). A sentencing court should "engage in a holistic inquiry of the § 3553(a) factors." *United States v. Barnes,* 890 F.3d 910, 916 (10th Cir. 2018) (citations omitted). Mr. Kessler asks this court to grant a downward variance from the applicable guideline range based on the 18 U.S.C. § 3553(a) sentencing factors, and specifically proposes a sentence of five years of probation.

A. Nature and Circumstances of the Offense & Mr. Kessler's History and Characteristics

The loss of his father at the age of thirteen was deeply traumatic to Mr. Kessler. Watching his father waste away due to ASL and being unable to help would have a significant mental and emotional impact on anyone. Similarly, losing a parent is deeply psychologically damaging. His mother tried her best to provide a good and loving home. But she was also traumatized by losing her partner. Their finances suffered and Mr. Kessler's childhood was difficult as a result. Considering his early years, it is unsurprising that he was deeply motivated to try and be a good father to his son and provide him a good lifestyle.

Mr. Kessler married Julie Custer in 2010 and they have one child together. Their marriage didn't last long, and they divorced in 2013. The end of his marriage coincided with his financial collapse. Near the end of the divorce, Julie racked up high credit debts on their credit cards. Mr. Kessler was ordered to pay their credit card and tax debts as part of the dissolution. He was also ordered to pay child support despite having majority custody. He fell behind on his payments and went into arrears. After the divorce, he purchased a home in his son's school district but quickly fell behind on his payments. New Mexico court records show that he was sued multiple times over debts, rent, and unpaid child support. He became increasingly financially desperate and that's what led him to start taking his clients funds and using them to keep himself afloat.

The conduct in this case is not complex. Mr. Kessler used his client's money to prop up his own finances. He also used client's money to pay back other clients. The government and the probation office call this a ponzi scheme. Legally that is correct, but Richard Kessler is no Bernie Madoff. He was a desperate man trying to support his child, pay his debts, and keep his business alive. He failed. He lost his license, closed his business, and moved. He did not pay his taxes. He did not pay back his clients. His life fell apart. He tried to move on with his life and start over.

Nearly five years later, in April 2021, he was arrested for these charges and placed on conditions of release. At that time, he had largely moved on. He was working in a different field. His goal since that day, has been to make his former clients whole. He has been nearly perfect on release. His only violation was a minor relapse where he consumed too much alcohol at Marble Brewery and was charged with a DWI. Other than that incident, he has been fully compliant with his conditions of release. Surprising to undersigned counsel, he has also made significant efforts at making restitution. On April 28, 2022, this Court granted his motion to allow pre-sentence

3

restitution. As of the filing of this motion, Mr. Kessler has paid $82,500 in restitution. If he is able to keep his current job, he will be able to make full restitution to his victims and pay back the unpaid taxes he owes the IRS.

<u>A Sentence of Probation Accomplishes the Goals of Sentencing</u>

The task before the Court at sentencing is to impose a sentence that is sufficient but not greater than necessary to accomplish the goals of punishment. A sentence is sufficient, but not greater than necessary, if it (a) reflects the seriousness of the offense, promotes respect for the law, and provides just punishment for the offense; (b) affords adequate deterrence to criminal conduct; (c) protects the public from further crimes of the defendant, and (d) provides the defendant with needed education or vocational training and medical care. *See* 18 U.S.C. § 3553(a)(2).

1. *A sentence of probation reflects the seriousness of the offense, promotes respect for the law, and will adequately deter criminal conduct.*

The fact that Mr. Kessler voluntarily started making restitution payments before sentencing demonstrates that he respects the law. Undersigned counsel has never had a client that paid restitution before sentencing. Mr. Kessler also never contemplated fighting these charges. From the moment he was arrested, he intended to plead guilty. Counsel made that clear to the USAO as early as July 2021. Additionally, aside from the DWI while on release, he has led a law-abiding life for the last seven years since these events occurred. In the five years between losing his SEC license and his arrest, and the two and a half years he has been on conditions of release, he has shown that he is a person that abides by the law. His respect for the law shows he is the kind of person that can serve on probation and presents no danger to the community. If he violates probation, the Court can always choose to incarcerate him.

When he was arrested for the DWI, he was in custody at Cibola County Correctional Center for nearly a week. The things he witnessed in custody horrified him. Rampant drug use, constant violence, and being surrounded twenty-four hours a day by hardened criminals. He lives in fear of ever finding himself in a custody again. Like the mythical sword of Damocles, a sentence of probation combined with the ever-present fear of incarceration will deter him from any future transgressions.

2. *A sentence of probation provides just punishment for the offense and adequately protects the public.*

The concept of just punishment is another name for the theory of retribution. "The § 3553(a)(2)(A) consideration is the 'just deserts' concept, which carries the need for retribution, the need to make the punishment fit the crime, and the need not just to punish but to punish justly." *United States v. Irey*, 612 F.3d 1160, 1206 (11th Cir. 2010). Retributive justice asks what is the criminal harm cause by the defendant's criminal actions. The punishment is then crafted commensurate with that harm. In a crime like Mr. Kessler's, the harm to the victims and to the United States, is largely economic. Mr. Kessler has the ability over time to right that harm. In two and a half years he has managed to pay back $82,500. Over five years of probation he can likely pay back the remaining restitution and back taxes he owes. If he is incarcerated, he will lose his job and his ability to pay will be severely diminished. Thus, a sentence of probation provides just punishment because it will allow him to cure the majority of harm his actions have caused.

In the seven years since these crimes occurred, Mr. Kessler has done nothing that would make him a danger to society. His compliance with his conditions reinforces that conclusion. He is not a danger to the public. Incarceration is not necessary to protect society from Mr. Kessler. A sentence of probation is adequate.

3. *A sentence of probation will best facilitate his rehabilitation.*

The irony of a case like Mr. Kessler's is that he has already done all of the things society would ask a person to do in order to show rehabilitation. After his crimes he moved on, started a new career, and led a law-abiding life. He doesn't have substance abuse or mental health issues. He has shown himself capable of living a normal life as a contributing member of society. Although he still owes the IRS a significant sum of money, he had resumed paying his income taxes before his arrest. All of this shows that he has been rehabilitated and the best way to continue his progress is with a sentence of probation.

In contrast, a sentence of incarceration will likely have the opposite effect. He will lose his job, his housing, and the other things in his life that help him to live a normal life. Gainful employment is highly corroborated with reduced recidivism. *United States v. McKnight*, 33 F. Supp. 3d 577, 586–87 (D. Md. 2014) "A Federal Bureau of Prisons study found that ex-offenders who obtain post-release employment had a three-year recidivism rate of 27.6% compared to 53.9% of those who did not find work." This is no surprise, individuals that are successful in society have no interest in breaking our laws. The system works for them, and they are highly motivated to keep it that way. If he lost his job, he would have to entirely start over again upon his release. Incarceration would have a deleterious effect on his rehabilitation.

4. *A sentence of probation will allow him to make restitution.*

Although not often the focus of sentencing, 18 U.S.C. 3553(a)(7) specifically directs courts to consider the need to provide restitution. As shown above, if Mr. Kessler keeps his current job, he is likely to make full restitution. This factor also supports a sentence of probation.

## **CONCLUSION**

Considering the sentencing factors set forth in 18 U.S.C 3553(a) a sentence of probation will achieve the statutory purposes of sentencing. For all the reasons set forth above, Mr. Kessler humbly requests the court consider imposing this sentence.

Respectfully Submitted,

**FEDERAL PUBLIC DEFENDER**
111 Lomas NW, Suite 501
Albuquerque, NM 87102
(505) 346-2489
buck_glanz@fd.org

*Electronically filed December 4, 2023*
/s/ Buck Glanz
Assistant Federal Public Defender
Attorney for Defendant